Fei Wu Hu v Lei (2024 NY Slip Op 05958)

Fei Wu Hu v Lei

2024 NY Slip Op 05958

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-04513
 (Index No. 704749/20)

[*1]Fei Wu Hu, et al., appellants, 
v
June Lei, etc., et al., respondents.

Law Offices of Harry C. Demiris, Jr., P.C., Westbury, NY, for appellants.
Benvenuto & Gaujean (Rubin Paterniti Gonzalez Rizzo Kaufman, LLP, New York, NY [Jonathan Waldauer and Juan C. Gonzalez], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiffs appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered April 5, 2023. The order granted the, in effect, unopposed motion of the defendants pursuant to CPLR 3211(a)(2) to dismiss the complaint.
ORDERED that the appeal is dismissed, with costs to the defendants.
The plaintiffs commenced this action, inter alia, to recover damages for negligence. The defendants thereafter moved pursuant to CPLR 3211(a)(2) to dismiss the complaint. The plaintiffs served their opposition to the motion one day prior to the adjourned return date, and the defendants, in effect, rejected it as untimely, asserting to the Supreme Court that the opposition should not be considered and that their motion should be submitted as unopposed. In an order entered April 5, 2023, the court determined that the opposition papers were untimely and expressly declined to consider them and granted the defendants' motion. The plaintiffs appeal.
The Supreme Court's order was, in effect, entered upon the plaintiffs' default, and they did not move to vacate their default (see Vassiliou-Sideris v Nautilus, Inc., 186 AD3d 1756, 1757-1758). On appeal, the plaintiffs do not contend that the court erred in declining to consider their opposition papers. The plaintiffs only argue, on the merits, that the defendants' motion was improperly granted. Since, pursuant to CPLR 5511, no appeal lies from an order or judgment granted upon the default of the appealing party, the plaintiffs are not entitled to review of the order appealed from. Thus, this appeal must be dismissed (see Palmer v Cadman Plaza N., Inc., 215 AD3d 759, 761; Vassiliou-Sideris v Nautilus, Inc., 186 AD3d at 1758).
IANNACCI, J.P., WOOTEN, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court